U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP 14 P 4:25

CLERK
BY ______
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| FRANK W. HIGHLEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF VERMONT, VERMONT DEPARTMENT OF CORRECTIONS, WELL PATH, AND VITA CORE,<br><br>Defendants. | ) | Case No. 2:25-cv-11 |

**ENTRY ORDER DISMISSING AMENDED COMPLAINT AND GRANTING PARTIAL LEAVE TO AMEND**
(Doc. 7)

Plaintiff Frank W. Highley, a Vermont inmate representing himself, initially commenced this action against eleven defendants, asserting they violated his constitutional rights and raising a variety of state law claims. Upon review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Complaint was dismissed with leave to amend. Plaintiff timely filed an Amended Complaint ("AC") alleging that the State of Vermont, the Vermont Department of Corrections, and prison medical providers Well Path and Vita Core were deliberately indifferent to his serious medical needs and subjected him to unconstitutional conditions of confinement.

For the reasons discussed below, the AC is DISMISSED with leave to amend.

## I. Procedural History.

On January 2, 2025, Plaintiff applied for *in forma pauperis* ("IFP") status seeking to bring claims under 42 U.S.C. § 1983 for violations of his Sixth, Fourteenth, and Eighth Amendment rights, as well as claims for violations of Vermont state law. He named as defendants Commissioner of Corrections Nicholas Deml, Superintendent of Northern State Correctional Facility Amy Jacobs, his former public defender Harley Brown, prosecutor Sarah George, Judge Michael Kupersmith, Magistrate Judge Kevin Doyle, the Prisoners' Rights Office, attorney Jill Martin, prison medical providers Well Path and

Vita Core Healthcare, and physician Dr. Kelly. He claimed that he had received inadequate medical care in prison and appeared to challenge aspects of his criminal trial. Plaintiff was granted IFP status and the Complaint was dismissed with leave to amend. The Entry Order explained that Plaintiff had failed to allege the personal participation of Commissioner Deml or Superintendent Jacobs, that public defender Brown and attorney Jill Martin were acting under color of state law, that he was prejudiced by any prosecutorial misconduct by State's Attorney George, or that any constitutional violation he suffered was the result of a policy or custom of Well Path or Vita Core. It dismissed the claims against Dr. Kelly as barred by *res judicata*, and those against Judge Kupersmith, Magistrate Judge Doyle, and the Prisoners' Rights Office as barred by judicial, juror, and Eleventh Amendment immunity respectively. Plaintiff timely filed an AC.

## II. Allegations of the Proposed AC.

The court assumes the truth of the factual allegations in the AC and construes the pleading to raise the strongest arguments it suggests. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam).

The AC names only four Defendants: the State of Vermont, the Vermont Department of Corrections, Well Path, and Vita Core. (Doc. 7 at 1.) The causes of action at issue are difficult to discern. Plaintiff states that he has been a ward of the State of Vermont since he was ten years old and was imprisoned for the first time on his sixteenth birthday in 1992. *Id.* He appears to complain about the poor conditions of confinement he faced in various prison facilities from that time to the present day, including being housed in prisons where he was "statistically . . . [a] 'minority[,]'" being housed in a facility with a high percentage of violent offenders where he alleges he needed to carry a knife to prevent being preyed upon, and being physically and sexually assaulted on an unspecified number of occasions. *Id.* at 1, 2, 8. Plaintiff claims he was repeatedly transferred to out-of-state prison facilities, at least one of which was over one thousand miles away from his "[p]eers or [f]amily" resulting in "[n]o visits [and] [n]o contact[]" and that during one of these times "most of all my family . . . [d]ied of overdose, suicide[.]" *Id.* at 3, 8. He

claims that when he was housed outside Vermont he was only able to speak with his Vermont caseworker every six to twelve months. *Id.* at 2-3. He states that was transported between facilities on "[n]umerous [thirty-six h]our trips with [h]andcuffs, leg [i]rons, '[b]lack [b]ox' [a]attached to [a]nother [i]nmate [b]y [c]hains and [m]aster [l]ock" with as few as two stops to eat or use the restroom. *Id.* at 3, 7. He asserts that at a prison facility in Virginia he was treated like a sex offender because a newspaper had published a story stating that eighty percent of prisoners transferred to Virginia from Vermont were sex offenders. (Doc. 7 at 2, 8.)

Plaintiff avers that his lengthy incarceration history has caused him "[s]erious mental [h]ealth [d]amage[.]" *Id.* at 7. He claims that when he arrived at prison he had "some" depression and anxiety, but now suffers from "[e]xplosive [a]nger [d]isorder, [d]isassociation [d]isorder, [s]evere [a]nxiety, [and] [s]evere [d]ep[]ression[,]" as well as post-traumatic stress disorder and attention deficient hyperactivity disorder ("ADHD"). *Id.* at 3-4. He alleges that on one occasion when he was incarcerated in Baldwin, Michigan he was housed in a cell with no windows and "[i]ngest[ed] [fifty] plus [r]azor [b]lades to get a [b]reak from [d]oing [t]ime and [l]ife." *Id.* at 3. He states that since 2019 he has been trying to get "[s]timulants that I've [b]een on all my life" to treat his ADHD but the doctors at Well Path will not prescribe them to him. *Id.* at 4.

Plaintiff alleges he now suffers from a variety of chronic physical ailments caused by his treatment in prison, including carpel tunnel in both wrists and elbows caused by the amount of time he has been held in handcuffs. *Id.* at 7. He alleges he also has problems with his feet, hands, and back and claims he is in "[e]xtreme [p]ain 24/7 and loose feeling." (Doc. 7 at 4, 7.) He avers he has repeatedly sought treatment for these ailments but the treatment he has received has been inadequate. *Id.* at 7-8. He claims his physical and mental health problems continue to worsen due to lack of treatment. *Id.* at 5.

Plaintiff seeks damages, "[h]elp get[ting] out of [p]rison," mental health counseling, and "stimulants." *Id.*

## III. Statutory Screening Under 28 U.S.C. § 1915A.

Under 28 U.S.C. § 1915A, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nonetheless, a complaint filed by a self-represented litigant must still contain "sufficient factual matter . . . to state a claim" for relief. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Id.*; *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Self-represented litigants must satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80-81 (2d Cir. 2020).

### A. Defendants State of Vermont and Vermont Department of Corrections.

Construing the AC to raise the strongest claims it suggests, Plaintiff seeks to assert one or more § 1983 claims alleging Defendants the State of Vermont and Vermont Department of Corrections subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment.

To state a claim under § 1983, a plaintiff "must allege (1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (internal quotation marks and ellipses omitted). A "State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). A state agency, such as the Vermont Department of Corrections, is also not considered a "person" under

§ 1983. *See, e.g.*, *Rush v. Fischer*, 923 F. Supp. 2d 545, 548 n.2 (S.D.N.Y. 2013) (explaining that the New York Department of Corrections and Community Supervision and its departments are not a "person" for purposes of § 1983); *Torrence v. Pelkey*, 164 F. Supp. 2d 264, 271 (D. Conn. 2001) (stating that the Connecticut Department of Corrections is a state agency and thus not a "person" within the meaning of § 1983).

As the State of Vermont and the Vermont Department of Corrections are a State and a state agency against which a § 1983 claim cannot lie as a matter of law, the claims against them are DISMISSED WITH PREJUDICE.

**B. Defendants Well Path and Vita Core.**

Plaintiff also seeks to assert a § 1983 claim alleging that Well Path and Vita Core were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

To state a violation of the Eighth Amendment based on the medical care received (or not received) in prison, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "The standard for establishing an Eighth Amendment violation based on deliberate indifference to a prisoner's medical needs contains both an objective and a subjective prong." *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) (per curiam). Objectively, "the alleged deprivation must be sufficiently serious[.]" *Id.* "Though there is no single metric, we have previously held that a 'sufficiently serious' medical condition in the Eighth Amendment context refers to a 'condition of urgency that may result in degeneration or extreme pain,' . . . that 'significantly affects daily activities,' or that involves 'chronic and substantial pain.'" *Mallet v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 126 F.4th 125, 132 (2d Cir. 2025). "The condition need not be 'life-threatening' or 'at the limit of human ability to bear,' but it must be more than simply 'uncomfortable and annoying.'" *Id.*

The subjective prong requires that "the charged official must act with a sufficiently culpable state of mind." *Hemmings*, 134 F.3d at 108 (internal quotation marks omitted). "The required state of mind, equivalent to criminal recklessness, is that the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.*

(internal quotation marks omitted). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id.* (internal quotation marks omitted).

Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs[.]" *Estelle*, 429 U.S. at 104. An "inadvertent failure to provide adequate medical care[,]" negligence, or medical malpractice does not rise to the level of deliberate indifference. *Id.* at 105-06.

Although the AC does not define who Defendants Well Path and Vita Core are, they appear to be companies contracted to provide medical services at one or more prisons at which Plaintiff has been housed. As noted in the Entry Order dismissing the original Complaint (Doc. 3), "[p]rivate employers are not liable under § 1983 for the constitutional torts of their employees . . . unless the plaintiff proves that action pursuant to official policy of some nature caused a constitutional tort." *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (internal quotation marks, ellipses, and italics omitted).

Liberally construing the AC, Plaintiff has adequately alleged that he suffers from one or more sufficiently serious medical conditions. Plaintiff has failed, however, to plausibly allege that a Defendant acted with deliberate indifference, and has not plausibly alleged that a policy of Well Path's or Vita Core's was the cause of his constitutionally inadequate medical care. Accordingly, the claims against Well Path and Vita Core are DISMISSED with leave to amend.

**C. Statute of Limitations.**

In Vermont, absent any equitable tolling that may apply, a § 1983 claim must be brought within three years of when a plaintiff "knows or has reason to know of the injury which is the basis of his action[.]" *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (internal quotation marks omitted); *see also Chinnici v. Town of Bennington*, 720 F. Supp. 3d 338, 342 (D. Vt. 2024) (explaining that the statute of limitations for a § 1983 action in Vermont is three years). The AC contains allegations dating back as far as 1986. If Plaintiff chooses to file a Second Amended Complaint ("SAC"), absent a factual basis

for equitable tolling, any claims that caused injury to Plaintiff more than three years prior to the filing of this action will be subject to dismissal.

**IV. Leave to Amend.**

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). As it appears that amendment of Plaintiff's claims alleging deliberate indifference to serious medical needs may not be futile, Plaintiff is granted leave to amend those claims only. Plaintiff is advised that a proposed SAC, if filed, will supersede and completely replace both the original Complaint and AC. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted).

The SAC must set forth a factual and legal basis for this court's subject matter jurisdiction and state a claim for which relief may be granted. It must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and all the relief he seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10, and with Plaintiff's original signature as required by Rule 11.

For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1 or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet.

**CONCLUSION**

For the reasons discussed above, the AC is DISMISSED. Plaintiff is granted leave to amend his § 1983 claims concerning deliberate indifference to serious medical needs only. In doing so, Plaintiff should address the pleading deficiencies identified herein. Plaintiff may file a proposed SAC, that will also be subject to review under 28 U.S.C.

§ 1915A, within thirty (30) days of entry of this Order. Failure to do so shall result in dismissal of the case.

Pursuant to 28 U.S.C. § 1915(a)(3), the court DENIES Plaintiff a certificate of appealability in this matter because Plaintiff has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 14th day of September, 2026.

Christina Reiss, Chief Judge
United States District Court